

Cite as 2013 Ark. App. 736

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–351

| | | |
|---|---|---|
| RICARDO FUENTES | | **Opinion Delivered** December 11, 2013 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. 60CR–11–3887] |
| STATE OF ARKANSAS | | HONORABLE LEON JOHNSON, JUDGE |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Ricardo Fuentes appeals from his Pulaski County Circuit Court convictions of simultaneous possession of drugs and firearms, trafficking controlled substances, possession of methamphetamine with purpose to deliver, possession of drug paraphernalia, maintaining a drug premise, and possession of firearms by certain persons for which he was sentenced to a total of thirty years in the Arkansas Department of Correction. He argues that the trial court erred in denying his motion to suppress evidence that was seized pursuant to a search warrant executed on his residence. We disagree and affirm.

Detective Ryan Hudson of the Little Rock Police Department, Street Narcotics Detail, maintained an investigative file on an individual named David Armando from whom controlled substances had been purchased. Whenever Hudson wished to purchase narcotics from Armando, he contacted a translator for communication facilitation because Armando

did not speak or understand English. Armando, through the translator, informed Hudson that he obtained his drugs from "El Gordo" at 5502 West 51st Street.

On September 12, 2011, Hudson, through the translator, contacted Armando about purchasing methamphetamine. Surveillance was set up on the West 51st Street residence just prior to the September 12, 2011 buy. Armando was observed leaving the residence in a red 1997 Dodge truck registered to Ricardo Alba Fuentes at that address. Armando then picked up the translator and proceeded to the predetermined buy location. Hudson purchased four ounces of methamphetamine from Armando for $6,000.

Detective Hudson thereafter applied for and was granted a search warrant for the West 51st Street address. Drugs, guns, and money were discovered and seized during the execution of the warrant. As a result, Ricardo Fuentes was subsequently charged with the crimes for which he was convicted.

Prior to trial, Fuentes filed a motion to suppress the evidence seized pursuant to the search warrant on the basis that the officer's search of the unattached shop exceeded the scope of the warrant. At the hearing on the motion to suppress, however, counsel argued that the affidavit for the search warrant failed to address the reliability of the unnamed translator, failed to sufficiently identify the time frame in which the prior drug purchases occurred, and failed to inform the court that drugs had not been seen at that location. The trial court denied the motion.

In reviewing the denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for

clear error, and determining whether those facts give rise to reasonable suspicion. *Blount v. State*, 2010 Ark. App. 219. Arkansas Rule of Criminal Procedure 13.1 requires probable or reasonable cause to believe that things subject to seizure will be found in a particular place, and this must be established by affidavit or recorded testimony. *Yancey v. State*, 345 Ark. 103, 44 S.W.3d 315 (2001). There is no substantive difference between "reasonable cause" and "probable cause." *Id.*

Probable cause requires a nexus between criminal activity and the item to be seized. It also requires a nexus between the item to be seized and the place to be searched. *Id.* Whether the reasonable-or-probable-cause requirement is met turns on the adequacy of the affidavit or recorded testimony. *Id.* The reviewing magistrate must determine whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* The task of the issuing magistrate is to make a practical, common-sense decision. The existence of a fact may be proved by circumstantial as well as by direct evidence. However, the circumstantial evidence must be sufficient to lead to the inference. *Id.* When circumstantial evidence is relied on to establish a fact, the circumstances proven must lead to the conclusion with reasonable certainty and must be of such probative force as to create the basis for a legal inference and not mere suspicion. *Id.* In assessing the existence of probable cause, our review is liberal rather than strict. *Hinojosa v. State*, 2009 Ark. 351, 319 S.W.3d 258.

Sufficient evidence was presented to support a finding of probable cause for issuance

3

SLIP OPINION

of a warrant in this case. Armando, an individual identified in the warrant by name, advised Hudson (albeit through a translator) that he obtained his drugs from a man at the residence identified in the affidavit. Thus, the information contained in the warrant was not provided by an unnamed confidential informant as alleged by Fuentes, but was based on statements made by a named individual—David Armando. Based on this information, officers set up surveillance at the residence. Officers observed Armando leaving the residence just prior to the drug transaction in which Hudson purchased four ounces of methamphetamine. This surveillance corroborated Armando's previous statements regarding where he obtained the drugs he sells. As such, the facts contained in the affidavit in support of the search warrant established a nexus between the items to be seized and the place to be searched; probable cause was established.

Fuentes also argues that the affidavit was insufficient because it did not reference the time in which the previous drug buys had occurred. This too is incorrect. The warrant was based primarily on the officers' surveillance of the residence at the time of the September 12, 2011 drug buy. This surveillance, coupled with Armando's statement to the officer that he obtained his merchandise at the residence, supported probable cause. The recent date of the surveillance satisfies the time element, which serves to prevent execution of a warrant based on stale information.

Even if the affidavit were deemed defective, the good-faith exception to the exclusionary rule would apply in this case. In *United States v. Leon*, 468 U.S. 897 (1984), the United States Supreme Court fashioned a good-faith exception to the requirement of a valid

4

warrant so that suppression of evidence would not be appropriate when a law enforcement officer acted in good-faith reliance on a facially valid warrant. The test for determining when the "good faith" exception applies is whether it was objectively reasonable for a well-trained police officer to conclude that the search was supported by probable cause. The good-faith exception does not apply in four circumstances, namely: (1) when the magistrate is misled by information the affiant knew was false; (2) if the magistrate wholly abandons his detached and neutral judicial role; (3) when the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *Id.* None of these exceptions apply.

Fuentes never argued that any of the information in the warrant was false. The seller of the methamphetamine was identified in the warrant. The warrant stated that the seller informed the undercover officer through an interpreter where he obtained his methamphetamine. A subsequently conducted surveillance of the residence corroborated his statements. As such, it was objectively reasonable for a well-trained police officer to conclude that the search was supported by probable cause.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.